UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DARELL L. FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:17-cv-00017 |
| | ) | REEVES/SHIRLEY |
| CENTERION MEDICAL PROVIDER FOR | ) | |
| TDOC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On February 22, 2017, this Court entered an Order in this civil rights action, filed pursuant to

42 U.S.C. § 1983 by pro se prisoner Darrell L. Fleming [Doc. 3; *see* Doc. 2]. In that Order, the Court

summarized the factual allegations in Plaintiff's Complaint – namely, that Plaintiff has had a life-

threatening hernia since the day he arrived at Morgan County Correctional Complex ("MCCC"), that

the medical staff knows about his hernia, and that he has complained about his hernia, but he has been

denied any medical care for this condition – against defendant, Centerion/M.H.M, a private company

contracted to provide medical services to inmates at MCCC [Doc. 3; *see* Doc. 2].₁ The Court noted

that, under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen prisoner

complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for

relief, or are against defendants who are immune [Doc. 3 (citing 28 U.S.C. §§ 1915(e)(2)(B) and

1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999))]. After setting forth the relevant legal

---

₁ In his Complaint, Plaintiff states that he named Centerion as the lone defendant to this action
because he has been denied access to his medical records and thus has no knowledge of the names of
any individuals involved in the alleged unconstitutional acts. [Doc. 2 at 4].

standards governing dismissals for failure to state a claim and § 1983 claims against both individuals

and entities based on medical deliberate indifference, the Court stated:

> The factual allegations in the complaint are, at present, scant. Plaintiff alleges that he
> has a serious medical condition – a life threatening hernia – that has not been treated,
> despite various employees of Centerion being aware of the condition. Had Plaintiff
> named any of his medical providers as defendants in this action, the Court would
> conclude that Plaintiff has presented sufficient factual allegations to allow the Court to
> infer that they may be liable to Plaintiff for his alleged Eighth Amendment violation,
> based on their deliberate indifference to his serious medical needs.
>
> However, Plaintiff's complaint names only Centerion as a defendant to this action, and
> in order for this private corporation to be liable for Plaintiff's alleged harm, he must
> allege that the corporation employed a policy, custom, pattern, or practice that was the
> moving force behind his lack of medical treatment. Plaintiff's complaint currently
> contains no such allegations, and thus, in its present form, does not appear to state any
> claims for relief that would survive the screening requirements of 28 U.S.C. § 1915.[2]

[Doc. 3 at 4-5].

Nonetheless, the Court concluded that it was conceivable that Plaintiff could cure any defects

in the complaint if given leave to amend," and thus ordered Plaintiff to file an amended complaint to

replace and supersede his original complaint within twenty-one days of the entry of the order [*Id*. at

5]. Plaintiff was given notice that "if he fail[ed] to timely comply with this order, the Court may

dismiss this action for want of prosecution and failure to comply with orders of the Court, pursuant to

Federal Rule of Civil Procedure 41(b), or it may *sua sponte* dismiss the original complaint for failure

to state a claim pursuant to 28 U.S.C. §§ 1915." [*Id*. at 6]. Despite this warning, over 48 days have

---

[2] As the Court previously noted, in order to state a claim against Centerion, Plaintiff cannot rely upon a theory of respondeat superior liability; instead, he "must prove that a policy, custom, pattern, or practice of the corporation was the moving force behind his alleged constitutional violation." *See, e.g.*, *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (applying municipal liability standard from *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), to private corporation operating prison); *see also Rouster v. Cty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005).

now passed since the entry of the Court's Order, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order.

As the Court noted in its prior order, Plaintiff's Complaint does not state any claims for relief against the sole Defendant, Centerion, that can survive the screening requirements of 28 U.S.C. § 1915. Without the benefit of an amended complaint, which Plaintiff has declined to file, the Court must accordingly **DISMISS** Plaintiff's action for failure to state a claim upon which relief may be granted under § 1983, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**